**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Carter PAGE,               ) | |
|                            ) | |
|   Plaintiff,               ) | |
|                            ) | |
| v.                         ) | |
|                            ) | Case No. 1:19-CV-03149-KBJ |
| UNITED STATES DEPARTMENT OF JUSTICE, ) | |
|                            ) | |
|   Defendant.               ) | |
|                            ) | |

**DEFENDANT'S MOTION FOR AN EXTENSION OF TIME**
**TO RESPOND TO THE COMPLAINT**

Defendant Department of Justice, through undersigned counsel, respectfully requests an extension of time in which to respond to the Complaint, up through and including December 23, 2019.

Plaintiff served the Complaint on the U.S. Attorney's Office on October 26, 2019. Count I purports to raise a claim under both the Freedom of Information Act and the Privacy Act related to denial of access to records. Counts II and III purport to raise Privacy Act claims related to alleged improper dissemination of records.

Pursuant to Federal Rule of Civil Procedure 12(a)(2), Defendant Department of Justice has 60 days, or up through and including December 27, 2019, in which to respond to the Privacy Act claims raised in the Complaint. *See* Fed. R. Civ. P. 12(a)(2) (federal government's answer is due 60 days after service on the United States attorney). In Freedom of Information Act lawsuits, however, this timeframe is shortened to 30 days. *See* 5 U.S.C. § 552(a)(4)(C) (shortening a defendant's response period in FOIA lawsuits to 30 days "unless the court otherwise directs for good cause shown"). Accordingly, a response to the Freedom of Information Act claim in Count I would be due November 27, 2019.

Defendant therefore respectfully requests a brief extension in which to respond to the Complaint up through and including December 23, 2019.  This request is supported by good cause.  First, it would be most efficient for the Court and the parties for Defendant to respond to the Complaint as a whole, rather than bifurcating the overlapping FOIA and Privacy Act claims.  Defendants' proposal shortens the amount of time in which Defendant will respond to the Privacy Act claims, allowing Defendants to respond to the entire Complaint at once.  Second, the Complaint potentially raises complex factual and legal issues.  Undersigned counsel is still in the process of tracking down Mr. Page's relevant requests to the Department, and may move to dismiss some of the claims.  Finally, undersigned counsel needs additional time to prepare the response in light of the press of other business and counsel's planned vacation, including Thanksgiving holiday plans.

Undersigned counsel consulted with Mr. Page, who indicated that he opposes this motion "as of now" but "might change [his] mind."   On November 21, 2019, undersigned counsel also conferred with an attorney who indicated that he was now representing Mr. Page in connection with Mr. Page's Privacy Act litigation and his request to OIG (mentioned in Paragraphs 9-11 of the Complaint, although not clearly raised in Counts I through III).  Counsel conferred about this specific extension request, but Mr. Page later contacted undersigned counsel and informed counsel that he remains unrepresented in this matter, although that too "might change."

Dated:  November 25, 2019   Respectfully Submitted,

ETHAN P. DAVIS
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

*/s/Amy E. Powell*

AMY E. POWELL
Trial Attorney, Federal Programs Branch
Civil Division, Department of Justice
c/o U.S. Attorney's Office
150 Fayetteville St., Suite 2100
Raleigh, NC 27601
Phone: 919-856-4013
Email:  amy.powell@usdoj.gov