**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

—————————————————————
)
CARTER PAGE                                )
)
                    *Plaintiff*,          )
          v.                               )        Civil Action No. 1:19-cv-03149-KBJ
)
U.S. DEPARTMENT OF JUSTICE                 )
)
                    *Defendant*.          )
—————————————————————)

## <u>DECLARATION OF VANESSA R. BRINKMANN</u>

I, Vanessa R. Brinkmann, declare the following to be true and correct:

1.   I am Senior Counsel in the Office of Information Policy (OIP), United States Department of Justice (DOJ or "the Department").  In this capacity, I am responsible for supervising the handling of the Freedom of Information Act (FOIA) and Privacy Act (PA) requests processed by the Initial Request Staff (IR Staff) of OIP which are subject to litigation. The IR Staff of OIP is responsible for processing FOIA/PA requests seeking records from within OIP and within six senior leadership offices of the Department, specifically the Offices of the Attorney General (OAG), Deputy Attorney General (ODAG), Associate Attorney General (OASG), Legal Policy (OLP), Legislative Affairs (OLA), and Public Affairs (PAO).  The IR Staff devises appropriate records searches for each request and determines whether records can be released in accordance with the FOIA.  In processing such requests, the IR Staff consults with personnel in the senior leadership offices and, when appropriate, in other components within the Department of Justice, as well as with others in the Executive Branch.

2.   I make the statements herein on the basis of personal knowledge, as well as information provided to me by others within the Executive Branch of the Federal Government

with knowledge of the types of records at issue in this case, and on information acquired by me in the course of performing my official duties.

## I.      Plaintiff's Initial FOIA/PA Request

3.   By letter dated May 21, 2017, Plaintiff submitted a FOIA/PA request to the Mail Referral Unit of the Justice Management Division (MRU)[1] seeking various records about himself.  The MRU subsequently forwarded Plaintiff's FOIA/PA request to the Federal Bureau of Investigation (FBI) and OIP on June 2, 2017.  A copy of Plaintiff's FOIA request dated May 21, 2017 – redacted to protect Plaintiff's personally identifiable information – is attached hereto as Exhibit A.

4.   By letter dated June 29, 2017,[2] OIP acknowledged receipt of, and partially responded to, Plaintiff's FOIA/PA request dated May 21, 2017, on behalf of OAG, ODAG, OASG, OLA and PAO, and assigned administrative tracking numbers DOJ-2017-004452 (AG), DOJ-2017-004873 (DAG), and DOJ-2018-004874 (ASG), DOJ-2017-004875 (OLA), and DOJ-2017-004876 (PAO).  Within this letter, Plaintiff was informed that OIP determined that the National Security Division (NSD) was responsible for responding to parts (1) – (4) of his request, but that searches were initiated as to parts (5) – (10).  Also in this letter, OIP advised Plaintiff of his right to appeal if he was not satisfied with this partial response as to parts (1) – (4) of his request.  A copy of OIP's acknowledgement letter and partial response, dated June 29, 2017, is attached hereto as Exhibit B.

---

[1] The MRU is an office to which a FOIA/PA requester can send a FOIA/PA request if the requester is uncertain about which Department component has records relevant to the request. Personnel in the MRU will then review the request, and forward it to the DOJ component(s) they determine to be most likely to maintain the records being sought.

[2] While dated June 29, 2017, this letter was not transmitted to Plaintiff until June 30, 2017.

5.   By email and letter dated August 9, 2017, Plaintiff requested that OIP proceed with the expedited processing of his request, citing Office of Legal Counsel (OLC) and Executive Office for United States Attorneys (EOUSA) FOIA tracking numbers, but additionally noting that he would like OIP to coordinate the expedited processing as to OAG, ODAG, OASG, OLA, and PAO.  As such, OIP treated this correspondence as a request for expedited processing as to the remaining portions of Plaintiff's request to OIP.

6.   By letter dated August 18, 2017, OIP denied Plaintiff's request for expedited processing of the remaining portions his FOIA/PA request dated May 21, 2017.  In this letter, OIP reiterated its previous actions:  that by letter dated June 29, 2017, it acknowledged receipt of Plaintiff's request; and advised that NSD was responsible for responding to parts (1) – (4) of his request.  A copy of the letter denying Plaintiff's request for expedited processing of the remaining portions his FOIA/PA request dated May 21, 2017 is attached hereto as Exhibit C.

7.   By emails dated October 8, 2017, October 9, 2017, and October 10, 2017, Plaintiff wrote to OIP to "resubmit the expedited FOIA processing request letter" previously submitted on August 9, 2017, which OIP interpreted collectively as Plaintiff's appeal from OIP's denial of the August 9, 2017 request for expedited processing.

8.   By letter dated October 19, 2017, OIP's Appeals Staff advised Plaintiff that it was construing Plaintiff's correspondence as asserting that his request was entitled to expedited treatment pursuant to the first and third standards enumerated in the DOJ's regulations, and that after careful consideration, the Appeals Staff was affirming the IR Staff's action in denying his request for expedited treatment.  A copy of the October 19, 2017 appeal response is attached hereto as Exhibit D.  While OIP has received additional communications and correspondence

from Plaintiff, I am not aware of any such communications stylized or interpreted as additional appeals filed by Plaintiff concerning the IR Staff's processing of his request.

I declare under penalty of perjury that the foregoing is true and correct.

Vanessa R. Brinkmann

Executed this 23rd day of December 2019.

# Exhibit A

Carter Page
Global Energy Capital LLC
590 Madison Avenue 21st
New York, NY 10022

7015 3430 0000 5942 4306





U.S. POSTAGE
PAID
POUGHKEEPSIE, NY
12603
MAY 22 '17
AMOUNT
**$5.29**
R2354M110583-09

FOIA/PA Mail Referral Unit
Department of Justice
Room 115
LOC Building
Washington, DC 20530

INSPECTED 14

X-RAYED
MAY 3 0 2017
DOJ MAILROOM

20530-0001

 **GLOBAL ENERGY CAPITAL LLC**

### CARTER PAGE, CFA
*Managing Partner*

590 Madison Avenue
21st Floor
New York, NY 10022

d:
f:
m:

cpage@globalenergycap.com

**U.S Department of Justice**   **Certification of Identity** 

FORM APPROVED OMB NO. 1103-0016
EXPIRES 03/31/17

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]   Carter W. Page

Citizenship Status [2]   United States          Social Security Number [3] ▮▮▮▮▮

Current Address   C/o Global Energy Capital LLC, 590 Madison Ave, 21st Fl, New York, NY 10022

Date of Birth ▮▮▮▮▮          Place of Birth ▮▮▮▮▮

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

Carter W. Page

**Print or Type Name**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____          Date   May 21, 2017

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

# G L O B A L   E N E R G Y   C A P I T A L   L L C

May 21, 2017

**VIA CERTIFIED MAIL**

FOIA/PA Mail Referral Unit
Department of Justice
Room 115
LOC Building
Washington, DC 20530-0001

**Re:  Freedom of Information Act/Privacy Act Request**

Dear FOIA/PA Officer:

On April 11, 2017, the Washington Post reported, "The FBI obtained a secret court order last summer to monitor the communications of an adviser to presidential candidate Donald Trump, part of an investigation into possible links between Russia and the campaign, law enforcement and other U.S. officials said.  The FBI and the Justice Department obtained the warrant targeting Carter Page's communications after convincing a Foreign Intelligence Surveillance Court judge that there was probable cause to believe Page was acting as an agent of a foreign power, in this case Russia, according to the officials."  See Ellen Nakashima, Devlin Barrett and Adam Entous, FBI obtained FISA warrant to monitor Trump adviser Carter Page, THE WASHINGTON POST (available at http://wapo.st/2pr7kpE).

I (Carter Page) therefore request that the U.S. Department of Justice produce the following within 20 business days:

- All information gathered pursuant to the warrant issued by the Foreign Intelligence Surveillance Court authorizing the electronic surveillance of Carter Page.  Such information includes, but is not limited to, transcripts or summaries of any telephonic or electronic communications of Carter Page;

- The warrant issued by the Foreign Intelligence Surveillance Court authorizing the electronic surveillance of Carter Page;

- The application and all other materials submitted to the Foreign Intelligence Surveillance Court to obtain a warrant authorizing the electronic surveillance of Carter Page;

- All records relied upon in preparing the application to the Foreign Intelligence Surveillance Court to obtain a warrant authorizing the electronic surveillance of Carter Page;

- All communications within the U.S. Department of Justice concerning Carter Page.  Such communications include, but are not limited to, communications

- concerning a warrant authorizing the electronic surveillance of Carter Page;

- All communications between any official, officer, or employee of the U.S. Department of Justice and any official, officer, or employee of the Federal Bureau of Investigation, the National Security Agency, the National Security Council, the White House, or the Office of the Director of National Intelligence concerning Carter Page. Such communications include, but are not limited to, communications concerning a warrant authorizing the electronic surveillance of Carter Page;

- All communications between any official, officer, or employee of the U.S. Department of Justice and any member or staff member of Congress concerning Carter Page as well as all records provided to any member or staff member of Congress concerning Carter Page. Such communications or records include, but are not limited to, communications or records concerning a warrant authorizing the electronic surveillance of Carter Page;

- All communications between any official, officer, or employee of the U.S. Department of Justice and any journalist or member of the news media concerning Carter Page. Such communications include, but are not limited to, communications concerning a warrant authorizing the electronic surveillance of Carter Page;

- All communications between any official, officer, or employee of the U.S. Department of Justice and any official, officer, or employee of Hillary Clinton's campaign for President or any representative of Hillary Clinton or her campaign concerning Carter Page. Such communications include, but are not limited to, communications concerning a warrant authorizing the electronic surveillance of Carter Page; and

- All communications between any official, officer, or employee of the U.S. Department of Justice and any official, officer, or employee of Donald Trump's campaign for President, any representative of Donald Trump or his campaign, or any official, officer, employee, or representative of President-Elect Donald Trump's transition team concerning Carter Page. Such communications include, but are not limited to, communications concerning a warrant authorizing the electronic surveillance of Carter Page.

The time frame for this request is June 1, 2016 to April 30, 2017.

**A copy of my (Carter Page's) signed, fully executed Certification of Identity form is included herewith.**

This request is made pursuant to the provisions of the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, and is made for educational purposes, not commercial use.

<u>Because I am unsure which U.S. Department of Justice components would have the records responsive to my request, I am submitting this request to the Department's Mail Referral Unit. Nonetheless, I believe that the Office of the Associate Attorney General, the Office of the Attorney General, the Criminal Division, the Office of the Deputy Attorney General, the Executive Office for United States Attorneys, the National Security Division, the Office of Legal Counsel, the Office of Legislative Affairs, and the Office of Public Affairs may have responsive records.</u>

Please ensure that, when searching for records responsive to this request, proper consideration is given to the use of non-official electronic messaging accounts, as that term is defined in 44 U.S.C. § 2911. To the extent officers and employees are using non-official electronic messaging accounts to conduct official business, they are required to copy their official electronic messaging accounts in the original creation or transmission of the communication, or forward a complete copy of the communication to their official electronic messaging accounts not later than 20 days after the original creation or transmission of the record. 44 U.S.C. § 2911(a). This requirement applies to email and all other electronic messaging systems, including text messages, whether encrypted or unencrypted. Any such communications are public records and are included within the scope of this request.

Please produce all responsive records in an electronic format ("pdf" is preferred), if convenient. I am also willing to accept a "rolling production" of responsive records if it will facilitate a more timely production.

I have been the subject of substantial media interest (*see, e.g.,* Scott Shane, Mark Mazzetti and Adam Goldman, *Trump's Adviser's Visit to Moscow Got the FBI's Attention,* THE NEW YORK TIMES, available at https://www.nytimes.com/2017/04/19 /us/politics/carter-page-russia-trump.html). I am therefore entitled to a waiver of both search fees and duplication fees because "disclosure of the information is in the public interest." 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure of the requested records undoubtedly will shed light on "the operations or activities of the government." *Cause of Action v. Federal Trade Comm.,* 799 F.3d 1115 (D.C. Cir. 2015) (*quoting* 5 U.S.C. § 552(a)(4)(A)(iii)). Disclosure also is "likely to contribute significantly to the public understanding" of those operations or activities because, among other reasons, I intend to disseminate both the records and its findings to "a reasonably broad audience of persons interested in the subject" via my appearances on news programs. *Cause of Action,* 799 F.3d at 1116 (*quoting Carney v. U.S. Dep't of Justice,* 19 F.3d 807, 815 (2d Cir. 1994)).

In the event our request for a waiver of search and/or duplication costs is denied, I agree to pay up to $300.00 in search and/or duplication costs. I however request that I be contacted before any such costs are incurred, in order to prioritize search and duplication efforts.

If you do not understand this request or any portion thereof, or if you feel you require clarification of this request or any portion thereof, please contact me immediately.

Thank you for your cooperation.

Sincerely,

Carter Page, Ph.D.

# Exhibit B



**U.S. Department of Justice**

Office of Information Policy

*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

June 29, 2017

|  | Re: | DOJ-2017-004452 (AG) |
|---|---|---|
| Mr. Carter Page | | DOJ-2017-004873 (DAG) |
| 590 Madison Avenue | | DOJ-2017-004874 (ASG) |
| 21st Floor | | DOJ-2017-004875 (OLA) |
| New York, NY 10022 | | DOJ-2017-004876 (PAO) |
| cpage@globalenergycap.com | | VRB:VAV:JMS |

Dear Mr. Page:

We have received your Freedom of Information Act (FOIA)/Privacy Act (PA) request seeking records pertaining to yourself from June 1, 2016, through April 30, 2017. Specifically, parts (1) – (4) of your request seeks records related to the Foreign Intelligence Surveillance Court, and parts (5) – (10) seeks records of communications within the Department of Justice, or between employees of the Department of Justice and several listed individuals, entities, or groups. Because you directed your request to the FOIA/PA Mail Referral Unit, Justice Management Division, for appropriate routing, it was received by this Office on June 2, 2017. The MRU tracking number associated with this request is 7015 3430 0000 5942 4306. This response is made on behalf of the Offices of the Attorney General (OAG), Deputy Attorney General (ODAG), Associate Attorney General (OASG), Legislative Affairs (OLA), and Public Affairs (PAO).

Please be advised, NSD is responsible for responding to parts (1) – (4) of your request regarding the Foreign Intelligence Surveillance Court. With respect to parts (5) – (10) of your request, we have initiated searches in OAG, ODAG, OASG, OLA, and PAO. Because the records you seek require searches in another Office, your request falls within "unusual circumstances." See 5 U.S.C. 552 § (a)(6)(B)(i)-(iii). Because of these unusual circumstances, we need to extend the time limit to respond to your request beyond the ten additional days provided by the statute. For your information, we use multiple tracks to process requests, but within those tracks we work in an agile manner, and the time needed to complete our work on your request will necessarily depend on a variety of factors, including the complexity of our records search, the volume and complexity of any material located, and the order of receipt of your request. At this time, we have assigned your request to the complex track. In an effort to speed up our process, you may wish to narrow the scope of your request to limit the number of potentially responsive records so that it can be placed in a different processing track. You can also agree to an alternative time frame for processing, should records be located; or you may wish to await the completion of our records search to

-2-

discuss either of these options.  You may also contact the Office of Government Information Services (OGIS) of the National Archives and Records Administration to inquire into the FOIA mediation services they provide.  OGIS can be contacted at the following:

> Office of Government Information Services
> National Archives and Records Administration
> Room 2510
> 8601 Adelphi Road
> College Park, MD  20740-6001
>
> Telephone: (202) 741-5770
> Facsimile: (202) 741-5769
> Toll-Free: (877) 684-6448
> Email: ogis@nara.gov

We have not yet made a decision on your request for a fee waiver.  We will do so after we determine whether fees will be assessed for this request.  In your letter, you agreed to pay fees up to $300 in the event that a fee waiver is not granted.

For your information, your request letter has also been forwarded by the FOIA/PA Mail Referral Unit, Justice Management Division, to the Federal Bureau of Investigation for processing and direct response to you.  Additionally, pursuant to your request, we have directed a copy of your request to the Criminal Division (CRM), Executive Office for United States Attorneys (EOUSA), National Security Division (NSD), and Office of Legal Counsel (OLC) for processing the direct response to you.  The contact information for these components may be located at www.foia.gov.

I regret the necessity of this delay, but I assure you that your request will be processed as soon as possible.  If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact me by telephone at the above number or you may write to me at the Office of Information Policy, United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001.  Lastly, you may contact our FOIA Public Liaison at the telephone number listed above to discuss any aspect of your request.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA.  *See* 5 U.S.C. § 552(c) (2015) (amended 2016).  This response is limited to those records that are subject to the requirements of the FOIA.  This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

-3-

         If you are not satisfied with my partial response to this request, you may
administratively appeal by writing to the Director, Office of Information Policy, United States
Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-
0001, or you may submit an appeal through OIP's FOIAonline portal at
https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked
or electronically submitted within ninety days of the date of my response to your request.  If
you submit your appeal by mail, both the letter and the envelope should be clearly marked
"Freedom of Information Act Appeal."

                                        Sincerely,


                                        Vanessa R. Brinkmann
                                        Senior Counsel

# Exhibit C



**U.S. Department of Justice**

Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

August 18, 2017

Re:   DOJ-2017-004452 (AG)

Dr. Carter Page                                           DOJ-2017-004873 (DAG)
590 Madison Avenue                                   DOJ-2017-004874 (ASG)
21st Floor                                                    DOJ-2017-004875 (OLA)
New York, NY 10022                                  DOJ-2017-004876 (PAO)
cpage@globalenergycap.com                      VRB:VAV:JMS

Dear Dr. Page:

This responds to your letter dated and received in this Office on August 9, 2017, in which you requested expedited processing of your Freedom of Information Act (FOIA)/Privacy Act (PA) request received in this Office on June 2, 2017, seeking records pertaining to yourself from June 1, 2016, through April 20, 2017. Specifically, parts (1) – (4) of your request seek records related to the Foreign Intelligence Surveillance Court, and parts (5) – (10) seeks records of communications within the Department of Justice, or between employees of the Department of Justice and several listed individuals, entities, or groups. This response is made on behalf of the Offices of the Attorney General (OAG), Deputy Attorney General (ODAG), Associate Attorney General (OASG), Legislative Affairs (OLA), and Public Affairs (PAO).

By letter dated June 29, 2017, this Office acknowledged receipt of your request and advised you that NSD is responsible for responding to parts (1) – (4) of your request regarding the Foreign Intelligence Surveillance Court, and that with respect to parts (5) – (10), we had initiated searches in OAG, ODAG, OASG, OLA, and PAO. In your letter dated August 9, 2017, you requested expedited processing of your request pursuant to the Department's standard permitting expedition for requests based on circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual. See 28 C.F.R. § 16.5(e)(1)(i) (2016). Based on the information you have provided, I have determined that your request for expedited processing under this standard should be denied. Your letter fails to explain how access to the requested records would alleviate a specific threat to the life or physical safety of an individual.

You have also requested expedited processing of your request pursuant to the Department's standard permitting expedition for requests involving "[a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information." See id. § 16.5(e)(1)(ii). Based on the information you have provided, I have determined that your request for expedited processing under this standard should be denied. Your primary activity does not appear to be information dissemination, which is required for a requester to qualify for expedited processing under this

standard.  Additionally, this Office cannot identify a particular urgency to inform the public about an actual or alleged federal government activity beyond the public's right to know about government activities generally.

You have additionally requested expedited processing of your request pursuant to the Department's standard involving the "loss of substantial due process rights."  See id. § 16.5(e)(1)(iii).  Based on the information you have provided, I have determined that your request for expedited processing under this standard should be denied.  Courts are reluctant to grant expedited processing unless a requester can show (1) "that [he] is facing grave punishment [in a criminal proceeding], and (2) that there is reason to believe information will be produced to aid the individual's defense."  Freeman v. United States Department of Justice, No. 92-0557, slip op. at 4 (D.D.C. Oct. 2, 1992).  Neither of these circumstances is present here.

Finally, you have requested expedited processing of your request pursuant to the Department's standard involving "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."  See id. § 16.5(e)(1)(iv).  Pursuant to Department policy, your request was directed to the Director of Public Affairs, who makes the decision whether to grant or deny expedited processing under this standard.  See id. § 16.5(e)(2).  The Director has determined that your request for expedited processing should be denied.  She does not believe that your request pertains to a matter "in which there exist possible questions about the [federal] government's integrity which affect public confidence."  However, as previously advised, although your request for expedited processing has been denied; it has been assigned to an Attorney-Advisor this Office and records searches have been initiated in OAG, ODAG, OASG, OLA, and PAO.

If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact the Attorney-Advisor handing your request, James Smith, by telephone at the above number or you may write to him at the above address.  You may also contact our FOIA Public Liaison, Laurie Day, for any further assistance and to discuss any aspect of your request at:

> 1425 New York Avenue, NW
> Suite 11050
> Telephone: (202) 514-3642
> Fax: (202) 514-1009

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

-3-

If you are not satisfied with my response to this request for expedited processing, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal at https://foiaonline.regulations.gov/foia/action/public/home.  Your appeal must be postmarked or electronically submitted within ninety days of the date of my response to your request.  If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Vanessa R. Brinkmann
Senior Counsel

# Exhibit D



**U.S. Department of Justice**

Office of Information Policy

*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

---

*Telephone: (202) 514-3642*

Carter Page, Ph.D.
Global Energy Capital LLC
21ˢᵗ Floor
590 Madison Avenue                    Re:    Appeal Nos. DOJ-AP-2018-000206[1]
New York, NY  10022                           Request Nos. DOJ-2017-004452 (AG)
cpage@globalenergycap.com                     SRO:MTC

**VIA:  Email**

Dear Mr. Page:

    This is to advise you that your administrative appeal from the action of the Initial Request Staff (IR Staff) of the Office of Information Policy, acting on behalf of the Offices of the Attorney General, the Deputy Attorney General, the Associate Attorney General, the Office of Legislative Affairs, and the Office of Public Affairs was received in this Office on October 10, 2017.  You appealed from the IR Staff's denial of your request for expedited treatment of your Freedom of Information Act request.

    I am construing your appeal letter as asserting that your request is entitled to expedited treatment pursuant to the first and third standards enumerated in the Department of Justice's regulations.  Expedited treatment pursuant to the first standard will be granted where not doing so "could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."  5 U.S.C. § 552(a)(6)(E)(v)(I).  <u>See also</u> 28 C.F.R. § 16.5(e)(1)(i) (2017).  Under the third standard, you must show that the request involves "[t]he loss of substantial due process rights."  28 C.F.R. § 16.5(e)(1)(iii) (2017).  This Office makes determinations regarding the first three standards, while the Department's Director of Public Affairs makes determinations regarding the fourth standard.  <u>See id.</u> at § 16.5(e)(2).

    After carefully considering your appeal, I am affirming the IR Staff's action in denying your request for expedited treatment.  Regarding the first standard, Congress noted that the "categories for compelling need are intended to be narrowly applied."  H.R. Rep. No. 104-795, at 26 (1996).  Congress further stated:  "A threat to an individual's life or physical safety qualifying for expedited access should be imminent.  A reasonable person should be able to appreciate that a delay in obtaining the requested information poses such a threat."  <u>Id.</u>; <u>see also, e.g.</u>, <u>Cleaver v. Kelley</u>, 427 F. Supp. 80, 81 (D.D.C. 1976) (criminal defendant, facing possible "loss of freedom or life" in imminent state prosecution, demonstrated "exceptional and urgent need to obtain any

---

[1] This response also addresses your Appeal Nos. DOJ-AP-2018-000226, DOJ-AP-2018-000227, DOJ-AP-2018-000230, and DOJ-AP-2018-000232, which correspond to your Request Nos. DOJ-2017-004873 (DAG), DOJ-2017-004874 (ASG), DOJ-2017-004875 (OLA), and DOJ-2017-004876 (PAO), respectively.

- 2 -

and all information that could prove exculpatory"); <u>Exner v. FBI</u>, 443 F. Supp. 1349, 1353 (S.D. Cal. 1978) (requester obtained expedited treatment after leak of information exposed her to harm from organized crime figures), <u>aff'd</u>, 612 F.2d 1202 (9th Cir. 1980). Based on the information that you have provided, I have determined that you have not met your burden under the first standard. You have not presented any facts that demonstrate how a delay in processing your request would pose an imminent threat to the life or physical safety of any individual. Without such proof, expedited processing pursuant to the first standard is not warranted.

Regarding the third standard, courts have held that requests for expedited treatment for due process reasons generally should not be granted unless a requester shows that he is "facing grave punishment" in a pending criminal proceeding and that "there is a reason to believe that the information produced will aid in the individual's defense." <u>Aguilera v. FBI</u>, 941 F. Supp. 144, 150 (D.D.C. 1996). Based on the information that you have provided, I have determined that you do not meet this test because you have not demonstrated that the information sought will aid in any criminal defense, or that you are facing grave punishment. You have not demonstrated that you are involved in any criminal proceeding. Without such a showing, expedited treatment pursuant to the third standard is not warranted. Accordingly, the IR Staff properly denied your request for expedited treatment under the third standard.

Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the action of the IR Staff in response to your request.

If you are dissatisfied with my action on your appeal for expedited treatment of your request, you may file a lawsuit in accordance with 5 U.S.C. § 552(a)(6)(E)(iii).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

10/19/2017

X _Sean O'Neill_

Sean R. O'Neill
Chief, Administrative Appeals Staff
Signed by: OIP