**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

CARTER PAGE,

                *Plaintiff,*

v.

DEPARTMENT OF JUSTICE,

                *Defendant.*

No. 19-cv-03149

---

## DECLARATION OF KEVIN G. TIERNAN

I, Kevin G. Tiernan, do hereby state and declare as follows:

1.      I am the Supervisory Records Manager in the Records and Freedom of Information Act ("FOIA") Unit in the National Security Division ("NSD") of the United States Department of Justice ("DOJ" or "Department").

2.      My duties as Supervisory Records Manager of the Records and FOIA Unit include the supervision of NSD's execution of its obligations under FOIA, 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a.

3.      The statements herein are based on my personal knowledge of plaintiff's FOIA/PA request, as well as on reports made to me by NSD personnel and other information I acquired while performing my official duties. I submit this declaration in my official capacity; in that capacity, if called as a witness, I would be competent to testify to the information available to NSD.

1

### NSD's Structure and Function

4.     NSD is a component of the Department which formally commenced operations on September 28, 2006 by, inter alia, consolidating the resources of the former Office of Intelligence Policy and Review ("OIPR," which has been redesignated as the "Office of Intelligence" or "OI") and the Criminal Division's Counterterrorism Section ("CTS") and Counterintelligence and Export-Control Section ("CES").

### Plaintiff's FOIA Request

5.     By letter dated May 21, 2017 plaintiff submitted a FOIA/PA request to the Department of Justice FOIA/PA Mail Referral Unit ("MRU") seeking records related to the Foreign Intelligence Surveillance Court ("FISC") and plaintiff, as well as records of communications within the Department of Justice, or between employees of the Department of Justice and several listed individuals, entities, or groups regarding plaintiff. Additionally, plaintiff requested that the Department provide responsive records from June 1, 2016 to April 30, 2017. A copy of plaintiff's FOIA/PA request, dated May 21, 2017, is attached hereto as Exhibit A.

6.     The FOIA/PA MRU routed plaintiff's FOIA/PA request to the Department's Office of Information Policy ("OIP") on June 2, 2017. Subsequently, on June 22, 2017 OIP forwarded the request to NSD FOIA because parts 1- 4 of plaintiff's FOIA/PA request also sought records from the National Security Division. NSD FOIA assigned plaintiff's FOIA/PA request FOIA/PA case number 17-218.

2

7.      By letter dated June 23, 2017, NSD FOIA acknowledged receipt of plaintiff's

FOIA/PA request.  A copy of NSD's acknowledgement letter, dated June 23, 2017, is attached

hereto as Exhibit B.

8.      By letter dated October 13, 2017, NSD FOIA issued its final determination, a

"Glomar" response, regarding parts 1-4 of plaintiff's FOIA request.  In this letter, NSD FOIA

informed plaintiff that NSD FOIA does not search for records in response to requests regarding

the use or non-use of certain foreign intelligence gathering techniques in which the confirmation

or denial of the existence of responsive records would, in and of itself, reveal information

classified under Executive Order 13526.  Accordingly, NSD FOIA explained that it could

neither confirm nor deny the existence of records responsive to plaintiff's FOIA/PA request

pursuant to FOIA Exemption 1.  A copy of NSD's final response letter, dated October 13, 2017,

is attached hereto as Exhibit C.

9.      To the best of my knowledge and belief, and based on information acquired while

performing my official duties, plaintiff has not appealed NSD's determination to the

Department's Office of Information Policy as of the date of this filing.

I certify, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct.

Executed on this 19th day of December 2019, Washington, D.C.

_Kevin G. Tiernan_
Kevin G. Tiernan

# EXHIBIT A

**U.S Department of Justice**

# Certification of Identity



FORM APPROVED OMB NO. 1103-0016
EXPIRES 03/31/17

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] **Carter W. Page**

Citizenship Status [2] **United States**          Social Security Number [3] ▮▮▮▮▮

Current Address **C/o Global Energy Capital LLC, 590 Madison Ave, 21st Fl, New York, NY 10022**

Date of Birth ▮▮▮▮**1971**          Place of Birth ▮▮▮▮▮▮▮

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

**Carter W. Page**

### Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _[signature]_          Date **May 21, 2017**

---

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

---

FORM DOJ-361

# GLOBAL ENERGY CAPITAL LLC

May 21, 2017

**VIA CERTIFIED MAIL**

FOIA/PA Mail Referral Unit
Department of Justice
Room 115
LOC Building
Washington, DC 20530-0001

**Re:  Freedom of Information Act/Privacy Act Request**

Dear FOIA/PA Officer:

On April 11, 2017, the Washington Post reported, "The FBI obtained a secret court order last summer to monitor the communications of an adviser to presidential candidate Donald Trump, part of an investigation into possible links between Russia and the campaign, law enforcement and other U.S. officials said.  The FBI and the Justice Department obtained the warrant targeting Carter Page's communications after convincing a Foreign Intelligence Surveillance Court judge that there was probable cause to believe Page was acting as an agent of a foreign power, in this case Russia, according to the officials."  See Ellen Nakashima, Devlin Barrett and Adam Entous, FBI obtained FISA warrant to monitor Trump adviser Carter Page, THE WASHINGTON POST (available at http://wapo.st/2pr7kpE).

I (Carter Page) therefore request that the U.S. Department of Justice produce the following within 20 business days:

- All information gathered pursuant to the warrant issued by the Foreign Intelligence Surveillance Court authorizing the electronic surveillance of Carter Page.  Such information includes, but is not limited to, transcripts or summaries of any telephonic or electronic communications of Carter Page;

- The warrant issued by the Foreign Intelligence Surveillance Court authorizing the electronic surveillance of Carter Page;

- The application and all other materials submitted to the Foreign Intelligence Surveillance Court to obtain a warrant authorizing the electronic surveillance of Carter Page;

- All records relied upon in preparing the application to the Foreign Intelligence Surveillance Court to obtain a warrant authorizing the electronic surveillance of Carter Page;

- All communications within the U.S. Department of Justice concerning Carter Page.  Such communications include, but are not limited to, communications

- concerning a warrant authorizing the electronic surveillance of Carter Page;

- All communications between any official, officer, or employee of the U.S. Department of Justice and any official, officer, or employee of the Federal Bureau of Investigation, the National Security Agency, the National Security Council, the White House, or the Office of the Director of National Intelligence concerning Carter Page. Such communications include, but are not limited to, communications concerning a warrant authorizing the electronic surveillance of Carter Page;

- All communications between any official, officer, or employee of the U.S. Department of Justice and any member or staff member of Congress concerning Carter Page as well as all records provided to any member or staff member of Congress concerning Carter Page. Such communications or records include, but are not limited to, communications or records concerning a warrant authorizing the electronic surveillance of Carter Page;

- All communications between any official, officer, or employee of the U.S. Department of Justice and any journalist or member of the news media concerning Carter Page. Such communications include, but are not limited to, communications concerning a warrant authorizing the electronic surveillance of Carter Page;

- All communications between any official, officer, or employee of the U.S. Department of Justice and any official, officer, or employee of Hillary Clinton's campaign for President or any representative of Hillary Clinton or her campaign concerning Carter Page. Such communications include, but are not limited to, communications concerning a warrant authorizing the electronic surveillance of Carter Page; and

- All communications between any official, officer, or employee of the U.S. Department of Justice and any official, officer, or employee of Donald Trump's campaign for President, any representative of Donald Trump or his campaign, or any official, officer, employee, or representative of President-Elect Donald Trump's transition team concerning Carter Page. Such communications include, but are not limited to, communications concerning a warrant authorizing the electronic surveillance of Carter Page.

The time frame for this request is June 1, 2016 to April 30, 2017.

**A copy of my (Carter Page's) signed, fully executed Certification of Identity form is included herewith.**

This request is made pursuant to the provisions of the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, and is made for educational purposes, not commercial use.

Because I am unsure which U.S. Department of Justice components would have the records responsive to my request, I am submitting this request to the Department's Mail Referral Unit. Nonetheless, I believe that the Office of the Associate Attorney General, the Office of the Attorney General, the Criminal Division, the Office of the Deputy Attorney General, the Executive Office for United States Attorneys, the National Security Division, the Office of Legal Counsel, the Office of Legislative Affairs, and the Office of Public Affairs may have responsive records.

Please ensure that, when searching for records responsive to this request, proper consideration is given to the use of non-official electronic messaging accounts, as that term is defined in 44 U.S.C. § 2911. To the extent officers and employees are using non-official electronic messaging accounts to conduct official business, they are required to copy their official electronic messaging accounts in the original creation or transmission of the communication, or forward a complete copy of the communication to their official electronic messaging accounts not later than 20 days after the original creation or transmission of the record. 44 U.S.C. § 2911(a). This requirement applies to email and all other electronic messaging systems, including text messages, whether encrypted or unencrypted. Any such communications are public records and are included within the scope of this request.

Please produce all responsive records in an electronic format ("pdf" is preferred), if convenient. I am also willing to accept a "rolling production" of responsive records if it will facilitate a more timely production.

I have been the subject of substantial media interest (*see, e.g.,* Scott Shane, Mark Mazzetti and Adam Goldman, *Trump's Adviser's Visit to Moscow Got the FBI's Attention,* THE NEW YORK TIMES, available at https://www.nytimes.com/2017/04/19 /us/politics/carter-page-russia-trump.html). I am therefore entitled to a waiver of both search fees and duplication fees because "disclosure of the information is in the public interest." 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure of the requested records undoubtedly will shed light on "the operations or activities of the government." *Cause of Action v. Federal Trade Comm.,* 799 F.3d 1115 (D.C. Cir. 2015) (*quoting* 5 U.S.C. § 552(a)(4)(A)(iii)). Disclosure also is "likely to contribute significantly to the public understanding" of those operations or activities because, among other reasons, I intend to disseminate both the records and its findings to "a reasonably broad audience of persons interested in the subject" via my appearances on news programs. *Cause of Action,* 799 F.3d at 1116 (*quoting Carney v. U.S. Dep't of Justice,* 19 F.3d 807, 815 (2d Cir. 1994)).

In the event our request for a waiver of search and/or duplication costs is denied, I agree to pay up to $300.00 in search and/or duplication costs. I however request that I be contacted before any such costs are incurred, in order to prioritize search and duplication efforts.

If you do not understand this request or any portion thereof, or if you feel you require clarification of this request or any portion thereof, please contact me immediately.

Thank you for your cooperation.

Sincerely,

Carter Page, Ph.D.

# EXHIBIT B

## Mallory, Arnetta (NSD)

| | |
|---|---|
| **From:** | Mallory, Arnetta (NSD) |
| **Sent:** | Friday, June 23, 2017 4:33 PM |
| **To:** | cpage@globalenergycap.com |
| **Subject:** | NSD FOIA Request 17-218 Page |

Carter Page
Global Energy Capital LLC
590 Madison Avenue
21st Floor
New York, NY 10022

Re: FOIA/PA #17-218

Dear Mr. Page:

This is to acknowledge receipt of your letter to the Department of Justice Mail Referral Unit dated May 21, 2017 pertaining all information gathered pursuant to the warrant issued by the Foreign Intelligence Surveillance Court authorizing the electronic surveillance of Carter Page. Such information includes, but is not limited to, transcripts or summaries of any telephonic or electronic communications of Carter Page; - The warrant issued by the Foreign Intelligence Surveillance Court authorizing the electronic surveillance of Carter Page; - The application and all other materials submitted to the Foreign Intelligence Surveillance Court to obtain a warrant authorizing the electronic surveillance of Carter Page; - All records relied upon in preparing the application to the Foreign Intelligence Surveillance Court to obtain a warrant authorizing the electronic surveillance of Carter Page; - All communications within the U.S. Department of Justice concerning Carter Page. Such communications include, but are not limited to, communications concerning a warrant authorizing the electronic surveillance of Carter Page; - All communications between any official, officer, or employee of the U.S. Department of Justice and any official, officer, or employee of the Federal Bureau of Investigation, the National Security Agency, the National Security Council, the White House, or the Office of the Director of National Intelligence concerning Carter Page. Such communications include, but are not limited to, communications concerning a warrant authorizing the electronic surveillance of Carter Page; - All communications between any official, officer, or employee of the U.S. Department of Justice and any member or staff member of Congress concerning Carter Page as well as all records provided to any member or staff member of Congress concerning Carter Page. Such communications or records include, but are not limited to, communications or records concerning a warrant authorizing the electronic surveillance of Carter Page; - All communications between any official, officer, or employee of the U.S. Department of Justice and any journalist or member of the news media concerning Carter Page. Such communications include, but are not limited to, communications concerning a warrant authorizing the electronic surveillance of Carter Page; - All communications between any official, officer, or employee of the U.S. Department of Justice and any official, officer, or employee of Hillary Clinton's campaign for President or any representative of Hillary Clinton or her campaign concerning Carter Page. Such communications include, but are not limited to, communications concerning a warrant authorizing the electronic surveillance of Carter Page; and - All communications between any official, officer, or employee of the U.S. Department of Justice and any official, officer, or employee of Donald Trump's campaign for President, any representative of Donald Trump or his campaign, or any official, officer, employee, or representative of President-Elect Donald Trump's transition team concerning Carter Page. Such communications include, but are not limited to, communications concerning a warrant authorizing the electronic surveillance of Carter Page. The time frame for this request is June I, 2016 to April 30, 2017. Our FOIA office received your Freedom of Information Act request on June 22, 2017.

Our policy is to process FOIA requests on a first-in, first-out basis. Consistent with this policy, every effort will be made to respond to your request as quickly as possible. The actual processing time will depend upon the complexity

1

of the request, whether it involves sensitive or voluminous records, and whether consultations with other agencies or agency components are appropriate.

Also, you requested a waiver of fees, this is under consideration.  We will notify you once a decision has been made.  You may contact our office at (202) 233-2639 if you have any questions regarding your request.


Sincerely,


Arnetta Mallory
Government Information Specialist

# EXHIBIT C





**U.S. Department of Justice**

National Security Division

_____

*Washington, D.C.  20530*

Carter Page
590 Madison Avenue
21ˢᵗ Floor                                    **OCT 1 3 2017**
New York, NY 10022
cpage@globalenergycap.com                     FOI/PA 17-218

Dear Mr. Page:

This is in response to your Freedom of Information Privacy Act (FOI/PA) request dated May 21, 2017, addressed to the FOIA/PA Mail Referral Unit.  As stated in the Office of Information Policy letter of June 29, 2017, "NSD is responsible for responding to parts (1) – (4) of your request regarding the Foreign Intelligence Surveillance Court in which you sought, *"All information gathered pursuant to the warrant issued by the Foreign Intelligence Surveillance Court authorizing the electronic surveillance of Carter Page.  Such information includes, but is not limited to, transcripts or summaries of any telephonic or electronic communications of Carter Page; The warrant issued by the Foreign Intelligence Surveillance Court authorizing the electronic surveillance of Carter Page; The application and all other materials submitted to the Foreign Intelligence Surveillance Court to obtain a warrant authorizing the electronic surveillance of Carter Page; All records relied upon in preparing the application to the Foreign Intelligence Surveillance Court to obtain a warrant authorizing the electronic surveillance of Carter Page."*  Our FOI/PA office received your Freedom of Information request on June 22, 2017.

The National Security Division (NSD) maintains operational files which document requests for and approvals of authority for the U.S. Intelligence Community to conduct certain foreign intelligence activities.

We do not search these records in response to requests regarding the use or non-use of such techniques in cases where the confirmation or denial of the existence of responsive records would, in and of itself, reveal information properly classified under Executive Order 13526.  To confirm or deny the existence of such materials in each case would tend to reveal properly classified information regarding whether particular surveillance techniques have or have not been used by the U.S. Intelligence Community.  Accordingly, we can neither confirm nor deny the existence of records in these files responsive to your request pursuant to 5 U.S.C. 552(b)(1).

For your information, Congress excluded three discrete categories of law enforcement information and national security records from the requirements of the FOIA.  See 5 U.S.C. §552(c).  This response is limited to those records that are subject to the requirements of the

1

FOIA. This is standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may contact the Office of Government Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is: Office of Government Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, or at ogis@nara.gov, or 202-741-5770, or toll free at 1-877-684-6448, or facsimile at 202-741-5769. Or you may contact our Public Liaison at 202-233-0756.

If you are not satisfied with this response, you may administratively appeal by writing to the Director, Office of Information Policy, U.S. Department of Justice, 1425 New York Avenue, N.W., Suite 11050, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA portal by creating an account at: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or transmitted electronically within 90 days of the date of my response to your request. If you submit an appeal by mail, both the letter and envelope should be clearly marked, "Freedom of Information Act Appeal."

Sincerely,

Kevin Tiernan, Chief
Records Management and FOI/PA