## UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

_____

CARTER PAGE,             |
                                        |

            Plaintiff,     |

                                          |

          v.           |     CASE NO.:  1:19-cv-03149

                                        |

DEPARTMENT OF JUSTICE,   |

                                        |

            Defendant.  |

_____|

## <u>DECLARATION OF NICOLE MOORE</u>

I, Nicole Moore, declare the following under 28 U.S.C. § 1746:

1.      I am currently employed as an Attorney-Advisor in the Freedom of Information Act/Privacy Act ("FOIA/PA") Office, part of the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice ("DOJ").  I began my employ with EOUSA in July 2019.  Prior to that, from April 2015 to July 2019, I served as an Attorney-Advisor with the Pension Benefit Guaranty Corporation (PBGC), a federal corporation in Washington, DC.  During my time at PBGC, I served as an Attorney in the Office of General Counsel, first as a Contract Attorney in the Disclosure Division and then as a Privacy Attorney in the Privacy Office.  In the Privacy Office, I provided legal guidance and advice in the areas of privacy and disclosure of governmental records as a direct report to the agency's Chief Privacy Officer. Specifically, I drafted and published System of Records Notices (SORNs) for Privacy Act systems of records, drafted and updated agency-wide guidance and manuals and provided substantive legal review of agency Memoranda of Understanding and Interagency Agreements for privacy impacts. When assigned, I led the response to privacy breaches. In addition, my team received the Federal Privacy

Council's 2018 Award for Excellence for effective and innovative training programming for privacy. While in the Disclosure Division, I evaluated, reviewed and analyzed Freedom of Information Act (FOIA) and Privacy Act requests for disclosure decisions, issued Submitters' Notices in accordance with Executive Order 12,600 and provided advice regarding the potential harm to the government in disclosures of certain business records and contract details, drafted correspondence on behalf of the General Counsel in response to subpoenas requesting the appearance of government witnesses in response to subpoenas (Touhy process), I responded to requesters' FOIA requests in Spanish, and performed special assignments, such as, drafting opinion papers related to the treatment of later discovered records. In total, I have more than eight (8) years of FOIA and Privacy Act experience.

2.      As an attorney with EOUSA, I work as a liaison between EOUSA's other divisions and with other offices in the DOJ, providing advice and counsel on responding to requests for access to information located in this and the other 94 districts of the United States Attorneys' Offices ("USAOs").  In addition, I am the attorney responsible for reviewing the EOUSA's Privacy Act Systems of Records, and drafting the notifications for publication associated with those systems.  I also review the adequacy of searches conducted in response to requests and FOIA determinations made by EOUSA staff to ensure that the processing of records and determinations to disclose or withhold responsive records are made in accordance with FOIA, Privacy Act, and DOJ regulations at 28 C.F.R. §§ 16.3 *et. seq.* and § 16.40 *et seq.*, and pursuant to 5 U.S.C. § 552 and 5 U.S.C. § 552a.

3.      Due to the nature of my position and primary responsibilities as an Attorney-Advisor, I am intimately familiar with the procedures followed by the FOIA/PA office in responding to the FOIA requests submitted to EOUSA by plaintiff, Carter Page ("plaintiff").

Case 1:19-cv-03149-KBJ   Document 9-7   Filed 12/23/19   Page 3 of 22

*N. Y. Moore Decl. Page v. DOJ*
*Case No.  1 19-cv-03149*

Additionally, I have reviewed the Complaint that is the basis of the lawsuit and which this declaration addresses.  I am also familiar with the FOIA request submitted by plaintiff to DOJ, which was received by EOUSA via the Office of Information Policy (OIP) and assigned FOIA Request No. EOUSA-2017-001935.

4.      The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity as an Attorney-Advisor, and upon conclusions and determinations reached and made in accordance therewith.

5.      The purpose of this declaration is to provide the Court with information regarding: (1) relevant correspondence related to plaintiff's May 21, 2017 FOIA/PA request for information, and (2) EOUSA's response to plaintiff's FOIA/PA request.

## I.      ADMINISTRATIVE HISTORY OF PLAINTIFF'S FOIA/PA REQUEST

6.      On June 2, 2017, DOJ's Mail Referral Unit (MRU) responded to a FOIA/PA request from plaintiff dated May 21, 2017, advising that his request was forwarded to two DOJ components, the Federal Bureau of Investigations (FBI) and the Office of Information Policy (OIP).  *See* Attachment 1, attached hereto.

7.      On June 22, 2017, OIP sent a memorandum to EOUSA regarding the plaintiff's FOIA/PA request.  The memorandum stated that the FOIA/PA request sought records that were of interest to EOUSA and as such, the request was forwarded to EOUSA for processing and direct response to the requester.  *See* Attachment 2, attached hereto.

8.      The plaintiff's FOIA/PA request, dated May 21, 2017, sought the following information pertaining himself:

> • *All information gathered pursuant to the warrant issued by the Foreign Intelligence*
>
> *Surveillance Court authorizing the electronic surveillance of Carter Page. Such*

*information includes, but is not limited to, transcripts or summaries of any telephonic or electronic communications of Carter Page;*

*• The warrant issued by the Foreign Intelligence Surveillance Court authorizing the electronic surveillance of Carter Page;*

*• The application and all other materials submitted to the Foreign Intelligence Surveillance Court to obtain a warrant authorizing the electronic surveillance of Carter Page;*

*• All records relied upon in preparing the application to the Foreign Intelligence Surveillance Court to obtain a warrant authorizing the electronic surveillance of Carter Page;*

*• All communications within the U.S. Department of Justice concerning Carter Page. Such communications include, but are not limited to, communications concerning a warrant authorizing the electronic surveillance of Carter Page;*

*• All communications between any official, officer, or employee of the U.S. Department of Justice and any official, officer, or employee of the Federal Bureau of Investigation, the National Security Agency, the National Security Council, the White House, or the Office of the Director of National Intelligence concerning Carter Page. Such communications include, but are not limited to, communications concerning a warrant authorizing the electronic surveillance of Carter Page;*

*• All communications between any official, officer, or employee of the U.S. Department of Justice and any member or staff member of Congress concerning Carter Page as well as all records provided to any member or staff member of Congress concerning Carter Page. Such communications or records include, but are not limited to, communications or records concerning a warrant authorizing the electronic surveillance of Carter Page;*

Case 1:19-cv-03149-KBJ   Document 9-7   Filed 12/23/19   Page 5 of 22

*N. Y. Moore Decl. Page v. DOJ*
*Case No.  1 19-cv-03149*

• All communications between any official, officer, or employee of the U.S. Department of Justice and any journalist or member of the news media concerning Carter Page. Such communications include, but are not limited to, communications concerning a warrant authorizing the electronic surveillance of Carter Page;

• All communications between any official, officer, or employee of the U.S. Department of Justice and any official, officer, or employee of Hillary Clinton's campaign for President or any representative of Hillary Clinton or her campaign concerning Carter Page. Such communications include, but are not limited to, communications concerning a warrant authorizing the electronic surveillance of Carter Page; and

• All communications between any official, officer, or employee of the U.S. Department of Justice and any official, officer, or employee of Donald Trump's campaign for President, any representative of Donald Trump or his campaign, or any official, officer, employee, or representative of President-Elect Donald Trump's transition team concerning Carter Page. Such communications include, but are not limited to, communications concerning a warrant authorizing the electronic surveillance of Carter Page.

The temporal scope for the search was for the time period between June 1, 2016 and April 30, 2017.  I respectfully refer the Court to the FOIA request for a full and accurate statement of its contents. *See* Attachment 3, attached hereto.

9.       On June 26, 2017, EOUSA sent a final response to the plaintiff, acknowledging receipt of his request and advising him that his request would be closed due to deficiencies in this submission.  Specifically, the plaintiff's request failed to identify a particular US Attorneys' Office

where he believed the records may be located.  I respectfully refer the court to the final response letter, attached hereto as Attachment 4, for a true and accurate statement of the contents therein.

10.    On October 21, 2019, plaintiff filed this lawsuit seeking to compel compliance with the requirements of FOIA and Privacy Act.

## II.    RESPONSE

11.    In accordance with FOIA, and in keeping with DOJ regulations, 28 C.F.R. § 16.1, *et seq.*, EOUSA FOIA/PA staff processes all requests for records that are maintained by EOUSA in Washington, D.C. and the 94 United States Attorney's Offices.

12.    After a review of the plaintiff's request, it was determined that the plaintiff sought all communications mentioning his name, without specifying where in DOJ these communications may have been located.

13.    In accordance with EOUSA's practices, individuals submitting requests must not only describe the records sought, but they must identify where they reasonably believe the records may be located, which would be where prosecution or litigation may have occurred. Attempting to conduct a search of every United States Attorney's office, in addition to the various offices and departments of the Executive Office, for any potentially responsive records related to an individual's FOIA would be unreasonably burdensome.  The various United States Attorney's offices maintain different systems, manage record-keeping differently, and vary greatly in relation to staff size and caseload.  Due to these variations, larger offices have larger record-keeping filing systems, or even off site storage, while smaller offices have dedicated file rooms or cabinets on the premises. As such, individuals are required to provide EOUSA with the location where they believe records are most likely to be held so as to ease the burden on the staff as well as to expedite the FOIA process.

14.     As the information contained in plaintiff's FOIA request was deficient, the plaintiff was sent a letter requesting that Plaintiff identify the specific United States Attorney's office(s), where [he] believed records may be located. (Attachment 4).

15.     Plaintiff was also informed that once the deficiencies were corrected, he should submit a new request for the documents, and a new file would be opened.  *Id.*  The letter stated that this was a final determination on his current request and that the request was closed.  *Id.* Plaintiff was given contact information if he needed further assistance with his request. *Id.*

16.     The letter was mailed to the plaintiff on June 26, 2019 and plaintiff's request was considered closed.

17.     As of the date of this declaration, December 20, 2019, our office has not received any further FOIA requests from the plaintiff.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed this 20th day of December, 2019.

Nicole Y. Moore
Attorney-Advisor
Executive Office for United States Attorneys
Freedom of Information/Privacy Act Staff

# Attachment 1



**U.S. Department of Justice**

_Washington, D.C. 20530_

June 2, 2017

Carter Page
590 Madison Ave
21st Floor
New York, NY   10022

Dear Sir/Madam:

This is in response to your request for records, Tracking Number, 7015 3430 0000 5942 4306. Your Freedom of Information Act and/or Privacy Act (FOIA/PA) request was received by this office which serves as the receipt and referral unit for FOIA/PA requests addressed to the Department of Justice (DOJ).   Federal agencies are required to respond to a FOIA request within 20 business days.   This period does not begin until the request is actually received by the component within the DOJ that maintains the records sought, or ten business days after the request is received in this office, whichever is earlier.

We have referred your request to the DOJ component(s) you have designated or, based on descriptive information you have provided, to the component(s) most likely to have the records. All future inquiries concerning the status of your request should be addressed to the office(s) listed below:

> FOIA/PA
> Federal Bureau of Investigation
> Department of Justice
> 170 Marcel Drive
> Winchester, VA   22602
> (540) 868-4500
>
> FOIA/PA
> Office of Information Policy
> Department of Justice
> Suite 11050
> 1425 New York Avenue, N.W.
> Washington, DC   20530-0001
> (202) 514-FOIA

Sincerely,

Evie Sassok, Assistant Director
Logistics Management
Facilities and Administrative Services Staff
Justice Management Division

# Attachment 2



**U.S. Department of Justice**

Office of Information Policy

*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

June 22, 2017

**MEMORANDUM**

TO:        Kevin Krebs
           Assistant Director, FOIA/Privacy Unit
           Executive Office for United States Attorneys

FROM:      Initial Request Staff

SUBJECT:   Freedom of Information Act (FOIA) Request Received by
           <u>Office of Information Policy (OIP) No. DOJ-2017-004452 (AG), et. al.</u>

        Please be advised that the attached FOIA request from Carter Page was received by the Office of Information Policy on June 2, 2017.  Because it is seeking records of interest to the Executive Office for United States Attorneys, we are forwarding this request to your Office for processing and direct response to the requester.  For your information, we are also processing this request on behalf of the Office of the Attorney General, Deputy Attorney General, Associate Attorney General, Legislative Affairs, and Public Affairs.  **Please be advised that the requester is seeking a fee waiver for this request.**  This Office did not yet make a determination regarding the request for a fee waiver or the requester's fee category.

Attached is the initial request, a certification of identify form, and the Mail Referral Unit response sent to the requester.  Should you have any questions regarding this matter, please contact James Smith of this Office at 202-305-0580 or james.m.smith@usdoj.gov.

Attachment

# Attachment 3

## G L O B A L   E N E R G Y   C A P I T A L   L L C

May 21, 2017

**<u>VIA CERTIFIED MAIL</u>**

FOIA/PA Mail Referral Unit
Department of Justice
Room 115
LOC Building
Washington, DC 20530-0001

**<u>Re:  Freedom of Information Act/Privacy Act Request</u>**

Dear FOIA/PA Officer:

On April 11, 2017, the Washington Post reported, "The FBI obtained a secret court order last summer to monitor the communications of an adviser to presidential candidate Donald Trump, part of an investigation into possible links between Russia and the campaign, law enforcement and other U.S. officials said.  The FBI and the Justice Department obtained the warrant targeting Carter Page's communications after convincing a Foreign Intelligence Surveillance Court judge that there was probable cause to believe Page was acting as an agent of a foreign power, in this case Russia, according to the officials."  See Ellen Nakashima, Devlin Barrett and Adam Entous, FBI obtained FISA warrant to monitor Trump adviser Carter Page, THE WASHINGTON POST (available at http://wapo.st/2pr7kpE).

I (Carter Page) therefore request that the U.S. Department of Justice produce the following within 20 business days:

- All information gathered pursuant to the warrant issued by the Foreign Intelligence Surveillance Court authorizing the electronic surveillance of Carter Page.  Such information includes, but is not limited to, transcripts or summaries of any telephonic or electronic communications of Carter Page;

- The warrant issued by the Foreign Intelligence Surveillance Court authorizing the electronic surveillance of Carter Page;

- The application and all other materials submitted to the Foreign Intelligence Surveillance Court to obtain a warrant authorizing the electronic surveillance of Carter Page;

- All records relied upon in preparing the application to the Foreign Intelligence Surveillance Court to obtain a warrant authorizing the electronic surveillance of Carter Page;

- All communications within the U.S. Department of Justice concerning Carter Page.  Such communications include, but are not limited to, communications

- concerning a warrant authorizing the electronic surveillance of Carter Page;

- All communications between any official, officer, or employee of the U.S. Department of Justice and any official, officer, or employee of the Federal Bureau of Investigation, the National Security Agency, the National Security Council, the White House, or the Office of the Director of National Intelligence concerning Carter Page. Such communications include, but are not limited to, communications concerning a warrant authorizing the electronic surveillance of Carter Page;

- All communications between any official, officer, or employee of the U.S. Department of Justice and any member or staff member of Congress concerning Carter Page as well as all records provided to any member or staff member of Congress concerning Carter Page. Such communications or records include, but are not limited to, communications or records concerning a warrant authorizing the electronic surveillance of Carter Page;

- All communications between any official, officer, or employee of the U.S. Department of Justice and any journalist or member of the news media concerning Carter Page. Such communications include, but are not limited to, communications concerning a warrant authorizing the electronic surveillance of Carter Page;

- All communications between any official, officer, or employee of the U.S. Department of Justice and any official, officer, or employee of Hillary Clinton's campaign for President or any representative of Hillary Clinton or her campaign concerning Carter Page. Such communications include, but are not limited to, communications concerning a warrant authorizing the electronic surveillance of Carter Page; and

- All communications between any official, officer, or employee of the U.S. Department of Justice and any official, officer, or employee of Donald Trump's campaign for President, any representative of Donald Trump or his campaign, or any official, officer, employee, or representative of President-Elect Donald Trump's transition team concerning Carter Page. Such communications include, but are not limited to, communications concerning a warrant authorizing the electronic surveillance of Carter Page.

The time frame for this request is June 1, 2016 to April 30, 2017.

**A copy of my (Carter Page's) signed, fully executed Certification of Identity form is included herewith.**

This request is made pursuant to the provisions of the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, and is made for educational purposes, not commercial use.

<u>Because I am unsure which U.S. Department of Justice components would have the records responsive to my request, I am submitting this request to the Department's Mail Referral Unit. Nonetheless, I believe that the Office of the Associate Attorney General, the Office of the Attorney General, the Criminal Division, the Office of the Deputy Attorney General, the Executive Office for United States Attorneys, the National Security Division, the Office of Legal Counsel, the Office of Legislative Affairs, and the Office of Public Affairs may have responsive records.</u>

Please ensure that, when searching for records responsive to this request, proper consideration is given to the use of non-official electronic messaging accounts, as that term is defined in 44 U.S.C. § 2911. To the extent officers and employees are using non-official electronic messaging accounts to conduct official business, they are required to copy their official electronic messaging accounts in the original creation or transmission of the communication, or forward a complete copy of the communication to their official electronic messaging accounts not later than 20 days after the original creation or transmission of the record. 44 U.S.C. § 2911(a). This requirement applies to email and all other electronic messaging systems, including text messages, whether encrypted or unencrypted. Any such communications are public records and are included within the scope of this request.

Please produce all responsive records in an electronic format ("pdf" is preferred), if convenient. I am also willing to accept a "rolling production" of responsive records if it will facilitate a more timely production.

I have been the subject of substantial media interest (*see, e.g.,* Scott Shane, Mark Mazzetti and Adam Goldman, *Trump's Adviser's Visit to Moscow Got the FBI's Attention*, THE NEW YORK TIMES, available at https://www.nytimes.com/2017/04/19 /us/politics/carter-page-russia-trump.html). I am therefore entitled to a waiver of both search fees and duplication fees because "disclosure of the information is in the public interest." 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure of the requested records undoubtedly will shed light on "the operations or activities of the government." *Cause of Action v. Federal Trade Comm.*, 799 F.3d 1115 (D.C. Cir. 2015) (*quoting* 5 U.S.C. § 552(a)(4)(A)(iii)). Disclosure also is "likely to contribute significantly to the public understanding" of those operations or activities because, among other reasons, I intend to disseminate both the records and its findings to "a reasonably broad audience of persons interested in the subject" via my appearances on news programs. *Cause of Action*, 799 F.3d at 1116 (*quoting Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 815 (2d Cir. 1994)).

In the event our request for a waiver of search and/or duplication costs is denied, I agree to pay up to $300.00 in search and/or duplication costs. I however request that I be contacted before any such costs are incurred, in order to prioritize search and duplication efforts.

If you do not understand this request or any portion thereof, or if you feel you require clarification of this request or any portion thereof, please contact me immediately.

Thank you for your cooperation.

Sincerely,

Carter Page, Ph.D.

U.S Department of Justice  **Certification of Identity**

FORM APPROVED OMB NO. 1103-0016
EXPIRES 03/31/17

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  Carter W. Page

Citizenship Status [2]  United States          Social Security Number [3]  (b) (6) ███████

Current Address   C/o Global Energy Capital LLC, 590 Madison Ave, 21st Fl, New York, NY 10022

Date of Birth  (b) (6) ███████          Place of Birth  (b) (6) ███████

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

Carter W. Page

**Print or Type Name**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]   _[signature]_          Date  May 21, 2017

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

 **GLOBAL ENERGY CAPITAL** LLC

**CARTER PAGE, CFA**
*Managing Partner*

590 Madison Avenue
21st Floor
New York, NY 10022

d:
f:
m:

cpage@globalenergycap.com

Carter Page
Global Energy Capital LLC
590 Madison Avenue 21st
New York, NY 10022





U.S. POSTAGE
PAID
POUGHKEEPSIE, NY
12603
MAY 22 17
AMOUNT
**$5.29**
R2304M110683-09

7015 3430 0000 5942 4306

FOIA /PA Mail Referral Unit
Department of Justice
Room 115
LOC Building
Washington, DC 20530-0001

INSPECTED 14

X-RAYED
MAY 30 2017
DOJ MAILROOM

20530-0001

# Attachment 4

600 E. Street NW
Suite 7300
Washington, DC 20530

Carter W. Page
Global Energy Capital LLC
590 Madison Ave., 21st Fl.
New York, NY 10022

June 26, 2017

Dear Carter W. Page,

EOUSA-2017-001935

Your recent request for records from the Executive Office for United States Attorneys (EOUSA) has been received.  Before the Executive Office can begin processing your request, it is necessary for you to correct one or more deficiencies.  Please comply with the paragraph(s) checked below:

 1.    [  ] A requester must provide a notarized example of his/her signature.  This insures that information pertaining to an individual is released only to that person.  A form is enclosed for your use.

 2.    [ X ] ** The files and records of United States Attorneys are maintained in over one hundred separate offices throughout the United States.  Please identify the specific United States Attorney's office(s), where you believe records may be located.  This would be primarily the district(s) in which a prosecution or litigation occurred.

3.    [  ] The signature of the requester or subject of the request should be notarized by someone other than the requester or his/her representative.

Once you have corrected the above deficiencies, please submit a new request for the documents.  This is a final determination and your request for information has been closed.  When we have received your new, corrected request, we will open a new file for you.  **Please send your new, corrected request to the address above.**

**       Please describe the records sought in sufficient detail.**

[