UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARTER PAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 19-cv-3149 (KBJ) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

In this case, Plaintiff is proceeding *pro se*. Defendant has filed a motion to dismiss in part and a motion for partial summary judgment. (*See* Def.'s Partial Mot. to Dismiss and for Partial Summ. J., ECF No. 9.)  Before the Court rules on the motion, the plaintiff will have an opportunity to respond, and the Court hereby advises the *pro se* plaintiff of his obligations under the Federal Rules of Civil Procedure and the local civil rules of this Court with respect to that response.

In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the U.S. Circuit Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion. "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id*. at 509.  Subsequently, in *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir. 1992), the Court of Appeals stated that the district court must inform a *pro se* litigant that, on a motion for summary judgment, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Id*. at 456 (internal quotation marks and citation omitted).  The court

specified that the "text of Rule 56(e) should be part of the notice" issued to the *pro se* litigant. *Id*. Rule 56(e) of the Federal Rules of Civil Procedure provides:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).  Rule 56 further provides:

> (1)   Supporting Factual Positions.  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:  (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2)   Objection That a Fact Is Not Supported by Admissible Evidence.  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3)   Materials Not Cited.  The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4)   Affidavits or Declarations.  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

Motions for summary judgment are also governed by Local Civil Rule 7(h), which provides as follows:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement.  An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement . . . .   In determining a motion for summary

> judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

LCvR 7(h). In other words, the Court will accept as true any factual assertions contained in affidavits or attachments submitted by the defendant in support of a motion for summary judgment unless the plaintiff submits affidavits or documentary evidence showing that the defendant's assertions are untrue. *See Neal,* 963 F.2d at 456.

Further, the plaintiff's attention is directed to Local Civil Rule 7(b), which states:

> Within . . . such . . . time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.

LCvR 7(b). The Court may treat as conceded any motion not opposed within the time limits outlined above. Alternatively, the Court may consider on the merits any motion not opposed within the time limits outlined above. Thus, failure to respond to the defendant's motion in this case carries with it the risk that this case will be dismissed or that judgment will be entered for the defendant.

Accordingly, it is hereby

**ORDERED** that the plaintiff shall file his opposition or other response to the defendant's motion to dismiss in part and a motion for partial summary judgment on or before January 31, 2020. If the plaintiff fails to respond timely, the Court may grant the motion as conceded and may dismiss the case or enter judgment in the defendant's favor.

DATE: December 26, 2019

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge